### W. H. Pankey v. E. G. Baker & Co.

1. Jury—*Exclusive Judges of the Weight of the Evidence.*—Where the issues of a case are contested the jury are the exclusive judges of the credibility of the witnesses and of the weight of the evidence.

Assumpsit, on a promissory note. Trial in the Circuit Court of Saline County; the Hon. Alonzo K. Vickers, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the August term, 1898. Affirmed. Opinion filed March 10, 1899.

Abney & Burnett, attorneys for appellant.

Choisser, Whitley & Choisser, attorneys for appellees.

Mr. Justice Creighton delivered the opinion of the court.

On the 13th day of January, 1897, a judgment in vacation was confessed against D. W. Dove and W. H. Pankey, the appellant herein, in favor of E. G. Baker & Company, proprietors of the bank of Harrisburg.

The note on which the judgment was confessed bears date August 1, 1895, due ninety days after date, for the sum of $187 and had the names of W. H. Dove, D. W. Dove and W. H. Pankey signed to it.

At the March term, 1897, of the Saline County Circuit Court, on motion of appellant, the court made an order opening the judgment confessed in vacation and allowed appellant to plead to the declaration filed in vacation.

At the same term appellant filed the plea of the general issue, and also a plea denying the execution of the note, verified by his affidavit.

Issue was joined on the pleas.

The case was continued from term to term until the April term, 1898, when a trial was had which resulted in a verdict against appellant for the sum of $228.60. Appellant filed his motion for a new trial and in arrest of judgment; the court overruled these motions and gave judgment on the verdict for the sum of $228.60, to which rulings of the court the appellant excepted, and from which judgment appellant appealed to this court.

Appellant urges as grounds for reversal that the court erred in admitting improper testimony on behalf of appellees; that the court erred in giving the second, third and fifth instructions on behalf of appellees, and in refusing to give the second and third instructions asked on behalf of appellant, and that the verdict and judgment are against the weight of the evidence.

The testimony complained of is that of the witness George F. Allen, who, over appellant's objections, testified that on January 4, 1897, he had a conversation with appellant, in which appellant said, " he was on a note with Mr. Dove for $185; he said he expected it was about $190." * * * " He said it was right at $185. He said he guessed it was $190 interest and all." * * * " It was going to the Baker bank."

The argument made by appellant against this testimony goes to its value rather than to its competency. It was clearly competent. Its value was for the jury to determine.

The objection urged against the instructions given on behalf of appellees is, that they "exclude from the jury the right to allow any credit on the principal of the note, when the jury should have been left to assess the damages at whatever sum the evidence showed to be due the plaintiffs on the note."

The only issue before the jury on the trial in the Circuit Court was, whether appellant signed the note sued on.

Appellant did not claim any payments or credits, and when fairly considered, there is no evidence in the record tending to show that any payments had been made on the note in question, nor that any credits should have been allowed on it. There is no error in the instructions given on behalf of appellees. Under the issues and evidence, if appellant signed the note, he was liable for the "face of the note, with interest and ten per cent attorney's fees," as the court instructed.

Appellant presents no authority or argument in support of his assignment, that the court erred in refusing to give the second and third instructions asked on behalf of appellant. This relieves us from the duty of discussing these instructions. We have, notwithstanding, taken the trouble to examine them and find that they are clearly vicious and were properly refused.

Upon the only issue in the case, as to whether appellant signed the note sued on, the evidence is contradictory and conflicting. Many witnesses testified on each side. The testimony on behalf of appellees, standing alone, is amply sufficient to establish their case, and the testimony on behalf of appellant, standing alone, would establish his defense.

In such state of case the jury are the exclusive judges of the credibility of the witnesses and of the weight of the evidence, and courts have not the right to disturb their finding, unless good cause appears therefor. In this case no such cause appears.

The judgment of the Circuit Court is affirmed.